UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITCH TAEBEL,<br><br>       Plaintiff,<br><br>     v.<br><br>MICHAEL SONBERG and THE<br>JUDICIAL OFFICE,<br><br>       Defendants. | No. 2:18-cv-00138 TLN AC (PS)<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP"), and has submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). The motion to proceed IFP (ECF No. 2) will therefore be granted.

## I. Screening

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly

baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

A. The Complaint

Plaintiff brings suit against defendants Michael Sondberg and "The Judicial Office." The first page of the complaint reads: "A Multi Billionaire Unarmed Lacks the Powers of a Man in Exercise of the Second Amendment. This Petition Brings Claim Against Violations of the Second Amendment." ECF No. 1 at 1. The complaint goes on to cite 18 U.S.C. § 242, the criminal statute prohibiting civil rights violations under color of state law, and asserts that the alleged "violations are by an unlawful judgment" which has "violated petitioner's liberty, pursuit

2

of happiness and second amendment rights. . ."  Id.  Plaintiff seeks an award of damages.  Id.

The remainder of plaintiff's 144 page complaint consists of exhibits, largely documents related to plaintiff's various attempts to obtain relief from a criminal conviction in New York state court.  Id. at 2-144.  Defendant Michael Sondberg appears to have been the judge who presided over the proceedings at issue.  See id. at 91 (setting hearing on motion to set aside verdict before the "Honorable Michael R. Sondberg").  Plaintiff was charged with assault and trespass, represented himself at trial as a pro se defendant, and subsequently challenged the verdict on grounds of insufficient evidence, prosecutorial misconduct, and ineffective assistance of counsel.  See, e.g., id. at 7-24 (affidavits in support of motion to vacate judgment), 26-87 (trial transcripts), 91-111 (motion to set aside verdict).

The undersigned construes the complaint as claiming that a wrongful conviction and/or unlawful failure to set aside a criminal verdict resulted in the limitation of plaintiff's right to gun ownership and/or other infringements of his civil rights.

B.  Analysis

This complaint must be dismissed, for two fundamental reasons: it fails to state a claim upon which relief may be granted, and it seeks monetary relief from a defendant who is immune from such relief.  Although plaintiff's complaint against Judge Sondberg and "the Judicial Office" contains no factual allegations, it is clear from the cover page and attached documents that plaintiff is suing both defendants in relation to his criminal conviction in New York state court.

Plaintiff cannot pursue a lawsuit against Judge Sondberg, who is immune from suit.  "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages."  Mireles v. Waco, 502 U.S. 9, 11 (1991).  Judicial immunity is overcome only when a judge's actions are either (1) nonjudicial in nature, i.e., not taken in the judge's judicial capacity, Forrester v. White, 484 U.S. 219, 227–29 (1988), or (2) taken in the complete absence of all jurisdiction, Stump v. Sparkman, 435 U.S. 349, 356–57 (1991).  Plaintiff does not make any allegations that indicate one of these exceptions is met.  To the contrary, the exhibits to the complaint establish that plaintiff is challenging a New York State criminal

conviction for assault and trespassing.  See e.g., ECF No. 1 at 6-24 (documents related to pro se

defendant's motion to vacate judgement), 26-87 (trial transcripts), 91-111 (motion to set aside

verdict).  Judge Sondenberg was apparently the trial judge.  See e.g. id. at 91.[1]  Accordingly,

plaintiff's putative claims against Judge Sondberg are based on actions taken in his judicial

capacity.  The court finds that defendant Sondberg is absolutely immune from suit because the

conduct plaintiff challenges involved the adjudication of matters properly before him in the

course of his judicial duties.

It is unclear to the court what entity "the Judicial Office" is intended to identify; the court

is unaware of any such entity.  To the extent plaintiff intends to sue the court on which Judge

Sonberg serves, a court cannot be civilly liable for the actions of its judges under any theory of

which this court is aware.  To the extent plaintiff intends to sue the New York State judiciary or

any of its departments or officers, the Eleventh Amendment would bar the claims.[2]  See

Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003).  To the

extent plaintiff means to indicate that he sues Michael Sonberg in his official as well as individual

capacity, absolute immunity applies for the reasons previously stated.

Further, plaintiff does not present any actual claims against either defendant.  The criminal

civil rights statute cited on the face of the complaint, 18 U.S.C. § 242, does not provide a private

cause of action.  If the complaint is construed as presenting putative civil rights claims under 42

U.S.C. § 1983, those are barred by judicial immunity.  Moreover, there are no allegations of fact

establishing the elements of a § 1983 claim.  Amendment to permit such allegations of fact is not

warranted, because it would be futile.

Judicial immunity is not the only barrier to a lawsuit based on an allegedly wrongful

conviction.  In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that a civil

rights action cannot be used to collaterally attack a criminal conviction unless the conviction or

---

[1]  Whether or not he presided over the trial (the portions of the trial transcript attached to the
complaint do not identify the judge), Judge Sonberg heard the post-verdict motions at issue.  Id.
Denial of those motions necessarily led to the "unlawful judgement" of which plaintiff complains.
[2]  Plaintiff makes no factual allegations and presents no exhibits regarding the actions of such
entities.

4

sentence has already been reversed or otherwise invalidated.  Id. at 484.  Even when expungement is not the relief sought, civil suit is barred if a judgment in favor of plaintiff would necessarily imply the invalidity of the conviction.  Id. at 487.  Absent a showing that his conviction has been invalidated, plaintiff cannot maintain a lawsuit predicated on the theory that the judgment in his New York criminal case was unlawful.[3]

For these reasons, the complaint should be dismissed without leave to amend.

## II.  Conclusion

Accordingly, the undersigned recommends that plaintiff's request to proceed in forma pauperis (ECF No. 2) be GRANTED but that the complaint (ECF No. 1) be DISMISSED with prejudice because it fails to state a claim upon which relief can be granted and because it brings claims against immune defendants.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: January 25, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[3]  Moreover, if plaintiff has any challenges to the conviction currently pending in state court, a federal lawsuit would be precluded by the Younger abstention doctrine.  See Younger v. Harris, 401 U.S. 37, 45, 54 (1971).